[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #114
The plaintiff has instituted this action against the defendant alleging that on March 6, 1999 at about 1:45 P.M. and 2:15 P.M. she suffered injuries while driving on Dixwell Avenue at the intersection of Benham Street in Hamden. She alleges that at that location there were two SNET bucket trucks and that the top right side of her head was hit by a "real bright white ray of light" causing her injuries.
The plaintiff alleges that the defendant's agents were negligent and careless in the care and use of the "object" which emitted the light which she claims caused her injuries. The plaintiff has never identified the "object" in question.
The defendant has moved for summary judgment attaching the affidavits of two employees who were working on March 6, 1999 at the intersection of Dixwell and Hillcrest Avenues in New Haven. In those affidavits these employees state that they were utilizing no object that could product the "ray of light" described by the plaintiff.
The plaintiff responds by indicating that she was initially mistaken as to the intersection where this event occurred and she now states that it was near the intersection of Dixwell Avenue and Benham Street.
The defendant's motion for summary judgment appeared as a non-arguable motion on the short calendar of September 3, 2002. The court determined that oral argument was desirable so as to give the parties an opportunity to be heard and address the issue of exactly where the alleged event occurred. A hearing was therefore scheduled for October 7, 2002 at 9:15 A.M. and both sides were given official notification through the clerk's office.
While counsel for the defendant appeared at the scheduled time, the plaintiff did not. The court advised counsel for the defendant that 10 CT Page 13260 days would be permitted to file any supplemental affidavit addressing the discrepancy as to the exact location of the occurrence where the plaintiff claims she sustained her injuries.
The defendant has now filed a supplemental memorandum dated October 15, 2002 and attaches thereto the affidavit of Marc C. Hanna, the Manager of Construction in the area where the plaintiff claims to have been injured.
Mr. Hanna states in his affidavit that there was no work being done by SNET at the intersection of Dixwell Avenue and Benham Street in Hamden on March 6, 1999.
Once a party moving for summary judgment has presented evidence in support of its motion, the party opposing the motion must submit evidence that creates an issue of material fact and may not simply assert that an issue of fact exists. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-579 (1990).
The defendant has provided affidavits to the effect the only crew of SNET in the area where the plaintiff alleges that she was subjected to a "ray of light" from an unidentified "object" was at the corner of Dixwell and Hillcrest and that the crew was using no equipment that would produce that concerning which the plaintiff complains.
In the court's view the plaintiff has produced no evidence which would create an issue of fact as to whether the employer of the defendant were using a certain object in a negligent fashion as a result of which she suffered injuries.
The motion for summary judgment is therefore granted.
By the Court,
Bruce W. Thompson, Judge. CT Page 13261